ROBERT MADDEN HILL, Circuit Judge:
On April 26, 1983, William H. Tucker, a United States Trustee (the Trustee), filed a motion in the United States Bankruptcy Court for the District of Massachusetts requesting authority pursuant to 11 U.S.C. § 151104(b)(2) to appoint an examiner for GHR Energy Corp. (the debtor). Over a year later, in one of its last dispositions in the GHR case, the bankruptcy court denied the Trustee’s motion. Shortly thereafter, on June 22, 1984, the court transferred the venue of the GHR cases to the United States Bankruptcy Court for the Southern District of Texas (the Houston bankruptcy court).[1]
On June 18 the Trustee appealed the Massachusetts bankruptcy court’s denial of his motion to the United States District Court for the District of Massachusetts. After it became apparent that portions of the record necessary for appeal in the Massachusetts district court were shipped to Houston, the Trustee, hoping to hasten a decision on the merits of his motion, requested and received an order from the Massachusetts district court transferring his appeal to the United States District Court for the Southern District of Texas (the Houston district court) which had the record in its possession.
All parties admit that the Houston district court had no jurisdiction over the transferred appeal and was correct in dismissing the appeal. The issue raised by the Trustee on appeal to this court is whether the Houston district court erred in denying the Trustee’s motion to transfer the appeal back to the Massachusetts district court.
I.
The Trustee argues that the retransfer of the appeal back to the Massachusetts district court is required by 28 U.S.C. § 1631 which provides:
Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.
Although no case specifically holds that section 1631 governs the transfer of a bankruptcy appeal from one district court to another, the debtor concedes its applicability to this situation. The debtor’s position is that, even though section 1631 may be an appropriate mechanism for transferring bankruptcy appeals, the transfer of the underlying bankruptcy action from a “pilot” district in Massachusetts to a “non-pilot” district in Houston, Texas, mooted the appeal.
Title 11 U.S.C. § 1501 provides that chapter 15 (comprising section 151104(b)(2) which governs appointments of examiners) applies only in cases pending in certain enumerated districts commonly referred to as “pilot” districts. The District of Massachusetts (the transferor court) is a “pilot” district; the Southern District of Texas (the transferee court) is not. Section 151104, thus, does not apply in the Houston bankruptcy court. Section 151104(b), however, has a companion code provision, 11 U.S.C. § 1104(b), which is applicable in “non-pilot” areas and is identical in all material respects to section 151104(b) except that a trustee has no standing under section 1104(b) to move for the appointment of an examiner. Because these two code provi *478 sions have identical provisions, findings with respect to a section 151104(b) motion would apply with equal force to a section 1104(b) motion. The issue of mootness thus narrows to a single inquiry: whether the Massachusetts bankruptcy court’s disposition has a preclusive effect upon a subsequent section 1104(b) motion in the Houston bankruptcy court.
We find that it does not. The Massachusetts bankruptcy court’s opinion is not a decision on the merits of the Trustee’s motion and thus does not foreclose reconsideration of any issue pertinent to the appointment of an examiner under section 1104.[2] The gist of the bankruptcy court’s holding is related in the following passage:
[P]ending before this Court are motions of various parties in interest to change the venue of these cases to inter alia the Southern District of Texas which is not a “pilot” district. This Court has recently announced its intention to transfer these cases to the Southern District of Texas____ The Trustee has stated that in the event of an order transferring these cases, any appointments made by the Trustee prior to the order would have to be rescinded____ Pleadings have been filed seeking to inter alia ... have a trustee appointed. Many, if not all of the grounds set forth in the motion [to appoint an examiner] will be the subject of future investigation and judicial scrutiny because of the filing of the above-mentioned pleadings. Since under the terms of § 151104, both a trustee and an examiner may not serve concurrently in the same case, it seems fruitless to appoint an examiner.
In re GHR Companies, Inc., 43 B.R. 165, 176 (D.Mass.1984).
In denying the Trustee’s motion the Massachusetts courts did not intend to make findings which would control the course of subsequent proceedings. It simply forestalled consideration of what it considered to be a “fruitless” request by the Trustee.
In the same vein, we believe that a transfer of the appeal pursuant to 28 U.S.C. § 1631 would be a fruitless exercise of judicial power. The Houston bankruptcy court is free to consider de novo any section 1104 motion put forward by the parties. In doing so it does not need the guidance of the Massachusetts District Court and is subject only to the authority of the courts of this circuit on appeal.
AFFIRMED.

. Venue was transferred for the convenience of the parties pursuant to 28 U.S.C. § 1475.

. Our finding that the Massachusetts bankruptcy court’s opinion does not decide the merits of the trustee’s motion obviates the need to discuss whether, in bankruptcy, findings of fact and law by a transferor court are binding on the transferee court. See generally, In re Miller, 485 F.2d 74 (5th Cir.1973), (an administrative order may be set aside by the transferee court if the transferor court would have had power to do so had the case not been transferred), cert. denied, 415 U.S. 990, 94 S.Ct. 1588, 39 L.Ed.2d 886 (1974).